IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDDIE BAKER 406569,

                 Plaintiff,                 OPINION AND ORDER

      v.                                           08-cv-328-slc

RICK RAEMISCH, TIMOTHY C.
LUNDQUIST, JEFFREY JAEGER,
(JANE DOE) CLEMMERSON and
(UNKNOWN JOHN OR JANE DOE,)

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. Consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

This is a civil action brought pursuant to 42 U.S.C. § 1983. Plaintiff Eddie Baker, a prisoner, contends that defendants denied him due process at a disciplinary hearing Plaintiff has paid the filing fee in full.

1

Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed plaintiff's complaint, I conclude that the case must be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

As an initial matter, plaintiff's complaint fails to provide notice of his claim as required by Fed. R. Civ. P. 8 because it does not identify how he was denied due process. He says only that he was denied his "due process rights to present a defense at the due process hearing and the evidence relied on by the committee was incomplete evidence." He does not explain how he was prevented from putting on a defense.

Although a pleading defect such as this normally may be remedied with an amended complaint, it would be pointless to allow an amendment in this case because the complaint has a more serious problem. Plaintiff alleges that the punishment he received was 360 days in segregation, which is not something that courts have recognized as triggering the protections of the due process clause.

When a person believes that he has been treated unfairly, it is natural to be hurt and frustrated by that treatment and to seek vindication for the perceived wrong. A common way of attempting to obtain such vindication is through a lawsuit against the parties believed

2

to be responsible. Unfortunately, however, there are many types of unfairness for which a federal lawsuit can provide no remedy.

This is one such case. What many prisoners do not know and may be surprised to learn is that the Constitution grants prisoner procedural protections in very limited circumstances only. In Sandin v. Conner, 515 U.S. 472, 484 (1995), the Supreme Court held that prisoners are not entitled to *any* process under the Constitution unless the discipline they receive increases their duration of confinement or subjects them to an "atypical and significant" hardship. If the discipline does not fall into one of these categories, a prisoner has no recourse under the due process clause, even if he did not receive a hearing or even if the charge against him was a lie.

The punishment that plaintiff received does not meet the demanding Sandin standard. Plaintiff does not allege that defendants extended his sentence; rather he was placed in segregation for a period of time. Such discipline may seem both "atypical and significant" to plaintiff, but the Supreme Court has held the opposite. The Court concluded in Sandin that placement in disciplinary segregation does not trigger due process protections. Id. at 485-86. See also Townsend v. Fuchs, 522 F.3d 765, 770-772 (7th Cir. 2008) (time in segregation does not trigger due process clause unless time is indefinite); Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005); Hoskins v. Lenear, 395 F.3d 372, 374- 75 (7th Cir. 2005); Thomas v. Ramos, 130 F.3d 754 (7th Cir.1997); Crowder v. True, 74 F.3d 812, 815

(7th Cir. 1996); Williams v. Ramos, 71 F.3d 1246 (7th Cir. 1995). Accordingly, plaintiff's due process claim must be dismissed for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. This case is DISMISSED for plaintiff Eddie Baker's failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

Entered this 25th day of June, 2008.

BY THE COURT:

_____
BARBARA B. CRABB
District Judge