IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDDIE BAKER 406569,

          Plaintiff,                         ORDER

       v.                                      08-cv-328-slc

RICK RAEMISCH, TIMOTHY C.
LUNDQUIST, JEFFREY JAEGER,
(JANE DOE) CLEMMERSON and
(UNKNOWN JOHN OR JANE DOE,)

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has moved for reconsideration of the order in which I concluded that he failed to state a claim upon which relief may be granted on his claim that he was denied due process before he was placed in segregation. In reaching this conclusion I relied on <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995), and several decisions of the Court of Appeals for the Seventh Circuit holding that placement in segregation does not trigger the protections of the due process clause.

      In his motion, plaintiff argues that I failed to consider the many state law regulations and prison policies that defendants violated in the context of the hearing. Plaintiff misses

1

the point. State procedural guarantees do not trigger federal constitutional protections. Boyd v. Owen, 481 F.3d 520, 524 (7th Cir. 2007) ("[T]he requirement of due process is not defined by state rules and regulations, but is an independent determination.") Although it is true that states may create "liberty interests" under the due process clause in some situations, this is only when the state places substantive limitations on its own discretion. Further, in Sandin, 515 U.S. at 481, the Court said that it would no longer focus "on the language of a particular regulation" in determining whether a liberty interest existed. Rather, the inquiry now is whether the punishment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Because the court of appeals has consistently rejected the argument that segregation satisfies that standard, plaintiff cannot proceed with his claim. Townsend v. Fuchs, 522 F.3d 765, 770-772 (7th Cir. 2008) (time in segregation does not trigger due process clause unless time is indefinite); Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005); Hoskins v. Lenear, 395 F.3d 372, 374-75 (7th Cir. 2005); Thomas v. Ramos, 130 F.3d 754 (7th Cir.1997); Crowder v. True, 74 F.3d 812, 815 (7th Cir. 1996); Williams v. Ramos, 71 F.3d 1246 (7th Cir. 1995).

ORDER

IT IS ORDERED that plaintiff Eddie Baker's motion for reconsideration, dkt. #6,

is DENIED.

    Entered this 7th day of July, 2008.

                                BY THE COURT:

                                _____
                                BARBARA B. CRABB
                                District Judge